IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| HIRAM MCGILL, ) | |
| ) | |
| Plaintiff, ) | Civil Action No. 22-598 |
| ) | Magistrate Judge Maureen P. Kelly |
| v. ) | |
| ) | Re: ECF No. 25 |
| CHESTER BROWN *Correctional Officer*, ) | |
| ERIC SIMPSON *Sergeant*, LORI ) | |
| HAMILTON *Deputy Warden*, SAM ) | |
| BUZZINOTTI *Warden*, ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM ORDER

Plaintiff Hiram McGill ("Plaintiff") filed this *pro se* civil rights action arising out of allegations that he was sexually harassed, retaliated against, and suffered a loss of property upon being transferred to a different facility. ECF No. 21. Presently before the Court is Plaintiff's "Amendment to Complaint," ECF No. 25. For the reasons that follow, the Court strikes this document and grants Plaintiff leave to file a Second Amended Complaint.

Plaintiff initiated this action on April 21, 2022. ECF No. 1. He later filed two other actions in this Court. ECF No. 20. The Court ordered all of Plaintiff's pending actions to be consolidated under this case number, and it required Plaintiff to file an Amended Complaint that included all of his pending claims. Id. Plaintiff filed his Amended Complaint on July 21, 2022. ECF No. 21.

Defendants filed a Motion to Dismiss on August 3, 2022. ECF No. 22. The Court ordered Plaintiff to file a response to the Motion to Dismiss by September 6, 2022. ECF No. 24.

On August 16, 2022, Plaintiff filed the instant "Amendment to Complaint." ECF No. 25. Because Defendants recently moved to dismiss, the Court notes that Plaintiff is entitled to amend

his Complaint under Federal Rule of Civil Procedure 15(a)(1)(B). However, this three-paragraph document is not clearly labeled as such, is not signed, does not include a case caption or request for relief, and does not otherwise comply with applicable rules of procedure for pleadings. For these reasons, it is not clear to the Court whether Plaintiff is attempting to file a Second Amended Complaint, to supplement his existing pleadings, or if he is simply responding to arguments raised in the pending Motion to Dismiss.

Considering Plaintiff's *pro se* status and to clarify the procedural posture, the Court will strike this filing and grant Plaintiff leave to file a Second Amended Complaint, if he wishes to do so. In drafting his Second Amended Complaint, Plaintiff should be guided by the Federal Rules of Civil Procedure and the following instructions:

### Instructions for Filing Second Amended Complaint

1. **Caption and Heading**

Plaintiff shall title his pleading "Second Amended Complaint." He must place his full name at the top of the Second Amended Complaint and then list the full names of each defendant.

2. **Jurisdiction**

Plaintiff must inform the Court why the case should be heard in federal court rather than state court or some other forum. If Plaintiff's action is generally one for a violation of civil rights, 42 U.S.C. § 1983 will normally be the basis for the claim. In order for Plaintiff's action to be heard in federal court under Section 1983, he must be able to show that the defendant(s) at the time of the claims were acting under the authority or color of law.

3. **Parties**

As the person initiating the lawsuit, Plaintiff must identify himself as the "plaintiff." Also, for each defendant, Plaintiff should list his or her current address, if available, and a description of

his or her position or employment.

 4. **Statement of Claim**

Plaintiff must specifically state what rights under the Constitution, laws, or treaties of the United States have been violated. It is improper for Plaintiff to merely list constitutional rights or federal rights. Plaintiff must provide a description of how each of the defendants violated each of his rights.

 5. **Statement of Facts**

Plaintiff must provide specific details of precisely how his rights were allegedly violated. Plaintiff should note that, in civil rights cases, conclusory and vague allegations are insufficient to state a cause of action under 42 U.S.C. § 1983.

Wherever possible, this description should include references to relevant dates, times, and locations. It should explain to the Court what happened by specifically describing each defendant's behavior or action and how that behavior, action, or lack of action resulted in the alleged violations. Plaintiff should be specific about the particulars of the event, each defendant's misconduct, and how such misconduct allegedly resulted in a violation or denial of the civil right at issue.

Where the Second Amended Complaint includes more than one incident, Plaintiff should clearly distinguish between the incidents by preparing a separate description—usually a paragraph—for each incident. Each incident should be identified as a separate count, and each count must include appropriate facts in support of the claims made in the count. Each incident must be clearly and specifically described; it should, whenever possible, include the relevant time, date, and location. Each incident description should clearly identify the relevant defendant(s) and what each defendant's role in the incident was.

The Second Amended Complaint must include all claims that Plaintiff seeks to assert. Plaintiff should not refer back to prior versions of his complaint.

6. **Injury**

Plaintiff must state as specifically as possible the actual injury he suffered from the action of the defendants. Simply stating that his rights have been violated is insufficient.

7. **Request for Relief**

Plaintiff must describe for the Court the relief he is seeking as a result of this lawsuit. The relief requested must be related to the injury he suffered.

8. **Declaration under Penalty of Perjury**

Plaintiff must sign his Second Amended Complaint and file it with the Clerk of Court. When doing so, Plaintiff is making a declaration under law to the Court that everything in his Second Amended Complaint is true. Plaintiff should realize that the Court can order sanctions or penalties for the filing of complaints and pleadings that are frivolous, without merit, based on false or misleading information, etc.

Accordingly, the following Order is entered:

AND NOW, this 18th day of August, 2022, IT IS HEREBY ORDERED that the Court strikes the document titled "Amendment to Complaint," ECF No. 25. Plaintiff is granted leave to file a Second Amended Complaint by September 8, 2022.

In accordance with the Magistrate Judges Act, 28 U.S.C. § 636(b)(1), and Rule 72.C.2 of the Local Rules of Court, the parties are allowed fourteen (14) days from the date of this Order to file an appeal to the District Judge which includes the basis for objection to this Order. Any appeal is to be submitted to the Clerk of Court, United States District Court, 700 Grant Street, Room 3110,

Case 2:22-cv-00598-MPK   Document 26   Filed 08/18/22   Page 5 of 5

5

Pittsburgh, PA 15219. Failure to file a timely appeal will constitute a waiver of any appellate rights.

BY THE COURT:

<u>*/s/ Maureen P. Kelly*</u>
MAUREEN P. KELLY
UNITED STATES MAGISTRATE JUDGE

cc:     Hiram McGill
        99-22890
        Cambria County Prison
        425 Manor Drive
        Ebensburg, PA 15931