IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| HIRAM MCGILL, | ) |
| | ) |
| Plaintiff, | ) Civil Action No. 22-598 |
| | ) Magistrate Judge Maureen P. Kelly |
| v. | ) |
| | ) Re: ECF No. 42 |
| CHESTER BROWN *Correctional Officer*, | ) |
| ERIC SIMPSON *Sergeant*, LORI | ) |
| HAMILTON *Deputy Warden*, SAM | ) |
| BUZZINOTTI *Warden*, | ) |
| | ) |
| Defendants. | ) |

### MEMORANDUM OPINION

Plaintiff Hiram McGill ("Plaintiff") filed this *pro se* civil rights action arising out of allegations that he was sexually harassed and retaliated against while he was a pretrial detainee at the Indiana County Jail. ECF No. 37.[1]

Presently before the Court is a Motion to Dismiss filed by Defendants Chester Brown ("Brown"), Sam Buzzinotti ("Buzzinotti"), Lori Hamilton ("Hamilton"), and Eric Simpson ("Simpson") (collectively, "Defendants"). ECF No. 42. For the reasons below, Defendants' Motion to Dismiss is granted.

I.   FACTUAL AND PROCEDURAL BACKGROUND

A.   Factual Allegations

Plaintiff's claims arise out of his pre-trial detention at the Indiana County Jail. ECF No. 37 at 4. Plaintiff claims that Brown, a correctional officer, came to his cell while Plaintiff was

---

[1] In accordance with the provisions of 28 U.S.C. § 636(c)(1), the parties voluntarily consented to having a United States Magistrate Judge conduct all proceedings in this case, including the entry of a final judgment. ECF Nos. 3 and 56.

washing himself. Id. at 5. He alleges that Brown pointed to his penis and "kept pointing and laughing at [him] while [he] screamed for [Brown] to stop over and over again." Id. at 5, 6. After Plaintiff protested this was sexual harassment, Brown "falsified misconducts to cover up his actions." Id. at 5.

On February 28, 2022, Simpson placed Plaintiff in the "hole," or Restricted Housing Unit ("RHU"), saying he had conducted a Prison Rape Elimination Act ("PREA") investigation based on Plaintiff's complaint, and he found that Plaintiff lied. Id. Simpson issued a misconduct report, stating in part:

> I (Sgt. Simpson) was assigned to do a PREA investigation by Inmate Hiram, McGill against Officer C. Brown. I conducted this PREA investigation. I received a full report from officer Yeager who was posted on the constant observation for the shift that this was supposed to have occurred. After reading the report and watching the video for the entirety of the shift on the 13th of February I was able to confidently determine this allegation as unfounded. Inmate McGill was then to be moved to RHU after being found to have filed the PREA complaint in bad faith . . . .

ECF No. 42-1 at 5.[2]

In his Complaint, Plaintiff alleges this PREA investigation was not sufficient because Plaintiff and other witnesses were not questioned. ECF No. 37 at 5. About a week after Simpson placed him in the RHU, Simpson removed Plaintiff from the RHU and said that the PREA investigation was "incomplete." Id.

Plaintiff also claims that Deputy Warden Hamilton threatened him with disciplinary action simply because he wanted a response to his two grievances after two months. Id. at 6. He claims this threat was in writing, and it made him afraid to ask for a response to his grievances. Id.

As for Warden Buzzinotti, Plaintiff claims that he consistently denied Plaintiff's multiple requests for help. Id. Plaintiff alleges that Buzzinotti was "protecting his subordinates" in light

---

[2] Plaintiff originally filed this document at Civil Action No. 22-108, ECF No. 1-1 at 13, which has been consolidated with this action.

of the evidence against them. Id.

Based on these allegations, Plaintiff asserts claims under the Fourth and Eighth Amendments and the Equal Protection Clause of the Fourteenth Amendment. Id. at 3.[3]

**B. Procedural History**

Plaintiff initiated this action on April 21, 2022 by filing a Motion for Leave to Proceed *in forma pauperis* ("IFP Motion"), together with a proposed complaint. ECF No. 1. The Court granted Plaintiff's IFP Motion on May 17, 2022, and his Complaint was filed on the same date. ECF Nos. 7 and 10.

Plaintiff also initiated separate actions with this Court at Civil Action Nos. 22-107J and 22-108J arising out of events that occurred at the Indiana County Jail. The Court ordered that the actions filed at Civil Action Nos. 22-107J and 22-108J be consolidated with Civil Action No. 22-598 and directed Plaintiff to file an Amended Complaint in Civil Action No. 22-598 raising any and all claims he wished to assert based on the alleged mistreatment and/or retaliation that he allegedly suffered due to events at Indiana County Jail. ECF No. 20.

On July 21, 2022, Plaintiff filed an Amended Complaint. ECF No. 21. Defendants then moved to dismiss Plaintiff's claims. ECF No. 22. After Plaintiff filed a Second Amended Complaint on August 25, 2022, the Court entered an Order denying Defendants' Motion to Dismiss as moot. ECF Nos. 28 and 29. Thereafter, Plaintiff filed a Third Amended Complaint on August 26, 2022. ECF No. 30.

---

[3] Plaintiff also states there was "retaliation" on February 28, 2022, but it is unclear whether he is attempting to plead a claim under the First or Fourteenth Amendments based on retaliation and, if so, against whom he is pleading this claim and what the factual basis is for that claim. ECF No. 37 at 5.

Defendants moved to dismiss Plaintiff's Third Amended Complaint. ECF No. 32. Plaintiff then filed a Fourth Amended Complaint, followed in short order by a Fifth Amended Complaint on September 16 and 20, 2022. ECF Nos. 35 and 37.

The Court entered Orders recognizing the Fifth Amended Complaint, ECF No. 37, as the operative complaint and denying Defendants' motion to dismiss as moot in light of its filing. The Court also notified Plaintiff that no further amended complaints may be filed without leave of court. ECF Nos. 38 and 39.

### C. Motion to Dismiss

#### 1. Defendants' Motion to Dismiss

On October 3, 2022, Defendants filed the instant Motion to Dismiss and Brief in Support. ECF Nos. 42 and 43. In support of the Motion to Dismiss, Defendants argue that Plaintiff fails to state a claim under the Fourth Amendment because he does not allege any search or seizure occurred. ECF No. 43 at 6.

As for Plaintiff's Eighth/Fourteenth Amendment claims, Defendants argue that Plaintiff's claims only arise under the Fourteenth Amendment because he was a pretrial detainee. Defendants contend that Plaintiff fails to state a claim under the Fourteenth Amendment against any defendant because he does not identify any serious act or omission that rises to the level of deliberate indifference. Id. at 6-8, 10.

Regarding Brown, Defendants refer the Court to a criminal complaint and affidavit of probable cause filed by the Pennsylvania State Police ("PSP"), in which the PSP claim that Plaintiff filed a false PREA complaint against Brown regarding the incident at issue.[4] Defendants contend

---

[4] Defendants submit that these documents may be considered in resolving the Motion to Dismiss because they are public records.

4

these documents show that Brown acted appropriately and did not violate Plaintiff's constitutional rights. Id. at 8-9.

As for Hamilton, Defendants argue that grievance documents Plaintiff filed show that Hamilton did not threaten him; instead, she simply responded to his "impatient requests" with "detailed explanations." Id. at 9. Defendants also argue that Plaintiff's claims against Simpson should be dismissed because there was a justification for placing him in the RHU. Id. at 10. As for Buzzinotti, Defendants argue that Plaintiff's claim based on his failure to intervene is not viable because he does noes not plead any underlying constitutional violation against Brown, Hamilton, or Simpson. Id.

Finally, Defendants argue they are entitled to qualified immunity because there is no cognizable constitutional violation, and that Plaintiff's claim for a specific amount of unliquidated damages should be stricken because it violates this Court's local rules. Id. at 10-12.

### 2. Plaintiff's Responses in Opposition

Plaintiff filed a response in opposition to the Motion to Dismiss. ECF No. 48. Without leave of Court, he also improperly submitted multiple additional filings that appear to be supplemental responses and exhibits in opposition to the Motion to Dismiss. ECF Nos. 54, 60, 61, 67 and 69.[5]

In response, Plaintiff disputes Defendants' version of the facts. He argues that Brown pointed at his penis and laughed at him, and that Brown has since lied and issued false misconducts. ECF No. 48. He argues that Simpson's investigation was insufficient and a cover up for Brown's misconduct. ECF No. 61 at 1. He also argues that the PSP officer who criminally charged him

---

[5] Plaintiff's filing at ECF No. 54 was styled as a "motion to proceed to trial," but as the Court noted in its Order denying this motion, Plaintiff appeared to be attempting to offer additional argument in response to Defendants' pending Motion to Dismiss. ECF No. 57.

lied, and that he is unfairly being pursued as the victim of sexual harassment. Id. at 1-2. In addition, Plaintiff broadly asserts that he and his witnesses were retaliated against because he filed a complaint. ECF No. 67 at 1.

The Motion to Dismiss is now ripe for consideration.

## II.     STANDARD OF REVIEW

In assessing the sufficiency of a complaint pursuant to a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), the Court must accept as true all material allegations in the complaint and all reasonable factual inferences must be viewed in the light most favorable to the plaintiff. Odd v. Malone, 538 F.3d 202, 205 (3d Cir. 2008). The Court, however, need not accept bald assertions or inferences drawn by the plaintiff if they are unsupported by the facts set forth in the complaint. See Cal. Pub. Employees' Retirement Sys. v. The Chubb Corp., 394 F.3d 126, 143 (3d Cir. 2004) (citing Morse v. Lower Merion Sch. Dist., 132 F.3d 902, 906 (3d Cir. 1997)). Nor must the Court accept legal conclusions set forth as factual allegations. Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007). Rather, "[f]actual allegations must be enough to raise a right to relief above the speculative level." Id. (citing Papasan v. Allain, 478 U.S. 265, 286 (1986)). Indeed, the United States Supreme Court has held that a complaint is properly dismissed under Fed. R. Civ. P. 12(b)(6) where it does not allege "enough facts to state a claim to relief that is plausible on its face," id. at 570, or where the factual content does not allow the court "to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009); see also Phillips v. Cnty. of Allegheny, 515 F.3d 224, 231 (3d Cir. 2008) (finding that, under Twombly, "labels, conclusions, and a formulaic recitation of the elements of a cause of action" do not suffice but, rather, the complaint "must allege facts suggestive of [the

proscribed] conduct" and that are sufficient "to raise a reasonable expectation that discovery will reveal evidence of the necessary element[s] of his claim").

*Pro se* pleadings and filings, "however inartfully pleaded," must be held to "less stringent standards than formal pleadings drafted by lawyers." Haines v. Kerner, 404 U.S. 519, 520 (1972). If the court can reasonably read pleadings to state a valid claim on which the litigant could prevail, it should do so despite failure to cite proper legal authority, confusion of legal theories, poor syntax and sentence construction, or the litigant's unfamiliarity with pleading requirements. Boag v. MacDougall, 454 U.S. 364 (1982); U.S. ex rel. Montgomery v. Brierley, 414 F.2d 552, 555 (3d Cir. 1969) (A "petition prepared by a prisoner . . . may be inartfully drawn and should . . . be read 'with a measure of tolerance'"); Freeman v. Dep't of Corrections, 949 F.2d 360 (10th Cir. 1991). Under our liberal pleading rules, a district court should construe all allegations in a complaint in favor of the complainant. Gibbs v. Roman, 116 F.3d 83 (3d Cir. 1997) (*overruled on other grounds*); see also Nami v. Fauver, 82 F.3d 63, 65 (3d Cir. 1996) (discussing Fed. R. Civ. P. 12(b)(6) standard); Markowitz v. Northeast Land Co., 906 F.2d 100, 103 (3d Cir. 1990) (same).

However, there are limits to the court's procedural flexibility: "pro se litigants still must allege sufficient facts in their complaints to support a claim . . . they cannot flout procedural rules — they must abide by the same rules that apply to all other litigants." Mala v. Crown Bay Marina, Inc., 704 F.3d 239, 245 (3d Cir. 2013) (citations omitted). Accordingly, because Plaintiff is a *pro se* litigant, this Court will consider the facts and make inferences where it is appropriate.

### III. DISCUSSION

#### A. Fourth Amendment Claim

In support of the Motion to Dismiss, Defendants argue that Plaintiff fails to state a claim under the Fourth Amendment. ECF No. 43 at 6. The Court agrees. Because Plaintiff does not

7

allege any unlawful search or seizure in the operative Complaint, he does not state a plausible violation of his Fourth Amendment rights. See Carpenter v. United States, 138 S. Ct. 2206 (2018) ("The Fourth Amendment protects '[t]he right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures'") (quoting U.S. Const. amend. IV)). Accordingly, the Motion to Dismiss is granted as to Plaintiff's Fourth Amendment claim.

### B. Fourteenth Amendment Equal Protection Claim

Plaintiff also claims that Defendants violated his rights under the Equal Protection Clause of the Fourteenth Amendment. Upon review, Plaintiff fails to state a claim upon which relief can be granted because he does not plead facts showing that he was treated differently from similarly situated individuals. See Phillips, 515 F.3d at 244 (noting that "an allegation of an equal protection violation . . . must contain a claim that a plaintiff has been treated differently from others who are similarly situated"). In light of this failure to plead, the Court will dismiss Plaintiff's Fourteenth Amendment Equal Protection claim.[6]

### C. Eighth Amendment/Fourteenth Amendment Claims

Plaintiff also brings claims under the Eighth Amendment's cruel and unusual punishment clause. As the United States Supreme Court has held, "[t]he Constitution 'does not mandate comfortable prisons.'" Farmer v. Brennan, 511 U.S. 825, 832 (1994) (quoting Rhodes v. Chapman, 452 U.S. 337, 349 (1981)). Prison officials are required to "provide humane conditions of confinement," and must take "reasonable measures to guarantee the safety of inmates." Id. (citations omitted). "For prisoners incarcerated following a conviction, the government's obligation arises out of the Eighth Amendment's prohibition on cruel and unusual punishment."

---

[6] Although Defendants do not specifically address this claim in the Motion to Dismiss, after an IFP Motion has been granted, the Court may dismiss a complaint under 28 U.S.C. § 1915(e)(2) if the Court finds that the complaint is frivolous or malicious or fails to state a claim upon which relief may be granted.

Cameron v. Bouchard, 815 F. App'x 978, 984 (6th Cir. 2020); see also Murray v. Keen, 763 F. App'x 253, 255 (3d Cir. 2019). When a pretrial detainee is challenging the conditions of his confinement, however, the claim arises instead under the Due Process Clause of the Fourteenth Amendment. See E.D. v. Sharkey, 928 F.3d 299, 307 (3d Cir. 2019) (citing Hubbard v. Taylor, 538 F.3d 229, 231 (3d Cir. 2008)).

Because Plaintiff was a pretrial detainee, his claims must be made and addressed under the Fourteenth Amendment's due process clause, and not the Eighth Amendment's cruel and unusual punishments clause. Therefore, the Court finds that Plaintiff fails to state an Eighth Amendment claim against any defendant, and it construes Plaintiff's remaining claims under the Fourteenth Amendment.

### 1. Sergeant Simpson

Plaintiff claims that Simpson conducted an insufficient and incomplete PREA investigation in response to Plaintiff's internal complaint against Brown, and that he placed Plaintiff in the RHU for approximately one week for allegedly filing a false PREA complaint.

The Court notes that the specific nature of Plaintiff's claim is unclear. To the extent the Court can discern any plausible claim, however Plaintiff fails to state a claim upon which relief can be granted. If Plaintiff is challenging the quality of the investigation into his PREA complaint, he fails to state a claim because there is no freestanding right to such an investigation. White v. Massini, No. 22-cv-1230, 2022 WL 1103793, at *2 (E.D. Pa. Apr. 13, 2022) (citing Graw v. Fantasky, 68 F. App'x 378, 383 (3d Cir. 2003) (stating that "an allegation of a failure to investigate, without another recognizable constitutional right, is not sufficient to sustain a section 1983 claim.")).

If Plaintiff is asserting a due process claim under the Fourteenth Amendment because

Simpson placed him in the RHU, the Court notes that "[g]enerally, prisons may sanction a pretrial detainee for misconduct that he commits while awaiting trial, as long as it is not a punishment for the 'underlying crime of which he stands accused.'" Kanu v. Lindsey, 739 F. App'x 111, 116 (3d Cir. 2018) (quoting Rapier v. Harris, 172 F.3d 999, 1003-06 (7th Cir. 1999)). While "'pretrial detainees do not have a liberty interest in being confined in the general prison population, they do have a liberty interest in not being detained indefinitely in [disciplinary segregation] without explanation or review of their confinement.'" Singleton v. Superintendent Camp Hill SCI, 747 F. App'x 89, 92 (3d Cir. 2018) (quoting Bistrian v. Levi, 696 F.3d 352, 375 (3d Cir. 2012)). Here, Plaintiff does not allege that he was placed "indefinitely" in the RHU without explanation or review. Rather, he pleads that Simpson informed him of the reason for his transfer (filing a false PREA complaint), and that he was only placed in the RHU for one week. Based on records that Plaintiff has submitted, he later received a hearing on the underlying misconduct. ECF No. 1-1 at 11, Civil Action No. 22-108.

Finally, the Court notes that Plaintiff claims "retaliation" occurred on the date he was placed in the RHU. Other than this conclusory allegation, however, he does not specifically allege who retaliated against him or on what basis. Therefore, he fails to state a claim. For these reasons, the Court grants the Motion to Dismiss as to Plaintiff's claims against Simpson.

### 2. Deputy Warden Hamilton

As for Hamilton, Plaintiff claims that she violated his constitutional rights by threatening him with disciplinary action when he asked for a response to his grievance. However, mere "[a]llegations of verbal abuse or threats, unaccompanied by injury or damage, are not cognizable under § 1983, regardless of whether the inmate is a pretrial detainee or sentenced prisoner." Quiero v. Muniz, No. 3:14-cv-00225, 2015 WL 13738994, at *5 (M.D. Pa. Aug. 3, 2015) (quoting Brown

v. Hamilton Police Dep't, No. 13-260, 2013 WL 3189040, at *2 (D.N.J. June 21, 2013), *aff'd sub nom.* Brown v. Hamilton Twp. Police Dep't Mercer Cnty., N.J., 547 F. App'x 96 (3d Cir. 2013)).

In this case, Plaintiff does not show that he suffered any injury or damage as a result of alleged threats by Hamilton. Plaintiff claims that he was afraid to ask for a response to his grievance because of Hamilton's threats. Even if Plaintiff was required to affirmatively request a response to his grievance as part of the process, the documents he provides show that he made numerous such requests, and that he continued to do so even after Hamilton told him that further inquiries may result in disciplinary action because of the repetitive nature of his requests. ECF No. 1-2 at 1-8. The Court also notes that there is no constitutional right to a grievance process. See Burnside v. Moser, 138 F. App'x 414, 416 (3d Cir. 2005). For these reasons, the Court also grants the Motion to Dismiss as to Plaintiff's claims against Hamilton.

### 3. Corrections Officer Brown

As for Brown, Plaintiff claims that he violated his constitutional rights by: (1) sexually harassing him by pointing to his penis and laughing at him; and (2) falsifying misconducts to conceal his own misconduct. For the reasons below, Plaintiff fails to state a claim upon which relief can be granted relative to these alleged incidents.

#### (a) Alleged sexual harassment

First, Plaintiff claims that Brown violated his constitutional rights by pointing to his penis and laughing at him. While sexual abuse or harassment can be a plausible constitutional claim under Section 1983, mere "verbal harassment, including lewd comments, sexual propositioning, and the like" are insufficient to support a claim. Ricks v. Shover, 891 F.3d 468, 473 (3d Cir. 2018); Smalls v. Williams, No. 21-cv-891, 2021 WL 1313392, at *3 (E.D. Pa. Apr. 8, 2021). Accordingly, Plaintiff fails to state a claim against Brown on this basis.

### (b) Falsifying misconducts

Plaintiff also claims that Brown falsified misconducts to cover up his wrongdoing. But "[t]he filing of a false misconduct report, in and of itself, does not violate an inmate's due process rights." McDowell v. Deparlos, No. 1:15-cv-00487, 2017 WL 1158093, at *8 (M.D. Pa. Feb. 2, 2017), *report & recommendation adopted*, 2017 WL 1134407 (M.D. Pa. Mar. 27, 2017) (citing Brown v. Hannah, 850 F. Supp. 2d 471, 475 (M.D. Pa. 2012)). Thus, Plaintiff also fails to state a claim against Brown on this basis. For these reasons, the Court grants the Motion to Dismiss as to Plaintiff's claims against Brown.

### 4. Warden Buzzinotti

Finally, Plaintiff claims that Buzzinotti violated his constitutional rights by refusing to help him, despite Plaintiff's repeated requests.

Upon review, Plaintiff fails to state a claim against Buzzinotti on this basis. In a civil rights claim, as here, individual government defendants must have personal involvement in the alleged wrongdoing and "may not be held liable for the unconstitutional conduct of their subordinates under a theory of *respondeat superior*." Barkes v. First Corr. Med., Inc., 766 F.3d 307, 316 (3d Cir. 2014), *rev'd on other grounds*, Taylor v. Barkes, 135 S.Ct. 2042 (2015) (quoting Bistrian v. Levi, 696 F.3d 352, 366 (3d Cir. 2012)); see also Millbrook v. United States, 8 F. Supp. 3d 601, 613 (M.D. Pa. 2014). "Rather, state actors are liable only for their own unconstitutional conduct." Barkes, 766 F.3d at 316. Because Plaintiff does not plead any facts showing Buzzinotti's personal involvement in any constitutional violation, he does not state a viable claim. Therefore, the Court grants the Motion to Dismiss as to Plaintiff's claims against Buzzinotti.

## IV. CONCLUSION

For these reasons, Defendants' Motion to Dismiss, ECF No. 42, is granted.

"If a complaint is vulnerable to Rule 12(b)(6) dismissal, a district court must permit a curative amendment, unless an amendment would be inequitable or futile." Phillips v. Cnty of Allegheny, 515 F.3d 224, 236 (3d Cir. 2008). Because the Court cannot say that Plaintiff would be unable to plead any cognizable claim, he will be granted leave to amend to the extent he is able to cure the numerous deficiencies identified herein.

An appropriate Order will be entered.

Dated: May 16, 2023

BY THE COURT,

*/s/ Maureen P. Kelly*
MAUREEN P. KELLY
UNITED STATES MAGISTRATE JUDGE

cc: HIRAM MCGILL
690 Main Street
St. Petersburg, PA 16054

All counsel of record via CM/ECF.